IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kimberly A. Schreiber,  )<br> )<br>    Plaintiff,  )<br> )<br>    v.  )<br> )<br>Check Plus Systems, L.P., d/b/a CPS - )<br>Security, a Texas limited partnership,  )<br> )<br>    Defendant.  ) | No. FILED: APRIL 1, 2008<br>    08CV1864    PH<br>    JUDGE MAROVICH<br>    MAGISTRATE JUDGE COX<br><br>Jury Demanded |

## COMPLAINT

Plaintiff, Kimberly A. Schreiber, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that the form of Defendant's debt collection letter violates the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3.     Plaintiff, Kimberly A. Schreiber ("Schreiber"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom the Defendant attempted to collect delinquent consumer debts allegedly owed to the Home Shopping Network and Walgreens.

1

4.  Defendant, Check Plus Systems, L.P., d/b/a CPS - Security ("CPS"), is a Texas limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, CPS was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

### FACTUAL ALLEGATIONS

5.  Defendant CPS sent Ms. Schreiber an initial form collection letter, demanding payment of a debt owed to Home Shopping Network and a debt allegedly owed to Walgreens, dated January 3, 2008, which stated, in pertinent part:

*  *  *

## BREACH OF CONTRACT VIOLATION – HSN

ON-FILE CREDIT CARD PAYMENT DEFAULT

YOU ARE HEREBY NOTIFIED THAT THE HOME SHOPPING NETWORK (HSN) HAS ASSIGNED YOUR DEFAULTED ACCOUNT FOR COLLECTION AND INSTRUCTED US TO TAKE ANY NECESSARY LAWFUL ACTION TO RECOVER THE AMOUNT DUE. PAYMENT IS THEREFORE REQUESTED PURSUANT TO YOUR CREDIT CARD PAYMENT CONTRACT.

**BE ADVISED OF CAUSES ONE THRU** [sic] **FOUR:**

  I. HSN AFFIRMS THAT YOU HAVE OBTAINED MERCHANDISE BY PROVIDING AN INVALID CREDIT CARD.
 II. YOUR CREDIT CARD ISSUER HAS REFUSED PAYMENT ON MULTIPLE OCCASIONS.
III. PROPER WRITTEN NOTIFICATION WAS PROVIDED, WHICH YOU HAVE IGNORED TO DATE.
IV. HSN IS DEMANDING FULL PAYMENT FOR THE MERCHANDISE RECEIVED.

SHOULD IT BE YOUR INTENTION TO HONORABLY RESOLVE THIS DEBT AND RESTOR YOUR FUTURE ORDERING PRIVILEGES, SIMPLY FORWARD THE AMOUNT DUE IN THE SELF-ADDRESSED RETURN ENVELOPE OR CONTACT OUR REPRESENTATIVES FOR A DEBIT/CREDIT CARD OR CHECK BY PHONE PAYMENT.

*  *  *

> FEDERAL LAW GIVES YOU THIRTY DAYS AFTER RECEIPT OF THIS NOTICE TO DISPUTE THE VALIDITY OF THIS DEBT.  IF YOU DO NOT TO [sic] DISPUTE WITHIN THIS PERIOD, WE WILL ASSUME THAT THE DEBT IS VALID.  IF YOU DISPUTE THIS DEBT, NOTIFY US AND WE WILL SEND YOU THE VERIFICATION AS REQUIRED BY LAW.
>
> THIS HAS BEEN SENT FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT.  ALL INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

\* \* \*

This letter was sent within one year of the date of this Complaint and is attached as Exhibit A.

6. All of Defendant's collection actions at issue occurred within one year of the date of this Complaint.

7. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g –**
**Ineffectively Conveying The 30-Day Validation Notice**

8. Plaintiff adopts and realleges ¶¶ 1-7.

9. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it.  See, 15 U.S.C. § 1692g(a).

10. Although Defendant's initial form collection letter contains a validation notice, that notice was not complete, because Defendant failed to include that portion of the validation notice, which states that Plaintiff can dispute any portion of the debt.  Accordingly, Defendant's letter violates § 1692g of the FDCPA.

11.  Defendant's violation of § 1692g of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNTS II AND III**
**Violations Of § 1692e and § 1692f Of The FDCPA --**
**False Statements And Unfair And Unconscionable Collection Attempts**

12.  Plaintiff adopts and realleges ¶¶ 1-7.

13.  Section 1692e of the FDCPA prohibits a debt collector from using any false and/or deceptive or misleading representation or means in connection with the collection of a debt. (See, 15 U.S.C. § 1692e).  Moreover, § 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt.  See, 15 U.S.C. § 1692f.

14.  First, Defendant's statement, in its form collection letter, that a "**BREACH OF CONTRACT VIOLATION – HSN**" had occurred, implies to unsophisticated consumers that a violation of law has been committed – in this case regarding a Home Shopping Network debt – when in fact, the consumer may not owe the debt or a portion thereof and the consumer's right to dispute the debt pursuant to 15 U.S.C. § 1692g is still pending.

15.  Second, Defendant's statement that "SHOULD IT BE YOUR INTENTION TO HONORABLY RESOLVE THIS DEBT AND RESTORE YOUR FUTURE ORDERING PRIVILEGES, SIMPLY FORWARD THIS AMOUNT. . ." This statement wrongly implies that if the consumer does not pay the debt, the consumer is not honorable and thus, this statement is intended to disgrace Ms. Schreiber because she had not paid the debt at issue.  See, McMillan v. Collection Professionals, Inc., 455 F.3d 754 (7th Cir. 2006).

16. Third, Defendant's allegation that Ms. Schreiber committed a "**BREACH OF CONTRACT VIOLATION**" as to the Home Shopping Network debt and repeated references to the Home Shopping Network debt in the body of the collection letter, while making a mere mention of an alleged Walgreens debt at the bottom of the collection letter, make it unclear as to whether the detailed information in the body of the letter applies to the Walgreens debt.

17. Thus, Defendant's collection letter includes false and/or deceptive or misleading, and unfair and unconscionable, statements and representations in violation of § 1692e and § 1692f of the FDCPA, which render Defendant liable for damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Kimberly A. Schreiber, prays that this Court:

1. Declare that the form of Defendant's collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendant, for damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kimberly A. Schreiber, demands trial by jury.

Kimberly A. Schreiber,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: April 1, 2008

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

**CPS — SECURITY**
**CREDIT CARD ACCOUNT PLACEMENT SECTION**
PO Box 782408   San Antonio, Texas 78278
TELEPHONE 1-877-277-1775   FAX 1-210-641-1894

08CV1864   PH
JUDGE MAROVICH
MAGISTRATE JUDGE COX

KIMBERLY A SCHREIBER - 
, IL

Notice Date  01/03/2008

# BREACH OF CONTRACT VIOLATION - HSN

## ON-FILE CREDIT CARD PAYMENT DEFAULT

YOU ARE HEREBY NOTIFIED THAT THE HOME SHOPPING NETWORK (HSN) HAS ASSIGNED YOUR DEFAULTED ACCOUNT FOR COLLECTION AND INSTRUCTED US TO TAKE ANY NECESSARY LAWFUL ACTION TO RECOVER THE AMOUNT DUE. PAYMENT IS THEREBY REQUESTED PURSUANT TO YOUR CREDIT CARD PAYMENT CONTRACT.

**BE ADVISED OF CAUSES ONE THRU FOUR:**

  I. HSN AFFIRMS THAT YOU HAVE OBTAINED MERCHANDISE BY PROVIDING AN INVALID CREDIT CARD.
  II. YOUR CREDIT CARD ISSUER HAS REFUSED PAYMENT ON MULTIPLE OCCASSIONS.
  III. PROPER WRITTEN NOTIFICATION WAS PROVIDED, WHICH YOU HAVE IGNORED TO DATE.
  IV. HSN IS DEMANDING FULL PAYMENT FOR THE MERCHANDISE RECEIVED.

SHOULD IT BE YOUR INTENTION TO HONORABLY RESOLVE THIS DEBT AND RESTORE YOUR FUTURE ORDERING PRIVILEGES, SIMPLY FORWARD THE AMOUNT DUE IN THE SELF-ADDRESSED RETURN ENVELOPE OR CONTACT OUR REPRESENTATIVES FOR A DEBIT/CREDIT CARD OR CHECK BY PHONE PAYMENT.

| SELECT CARD TYPE | FILL-IN CARD NUMBER WITH EXPIRATION DATE |
|---|---|
| AMERICAN EXPRESS   VISA   MasterCard | CARD # ___-___-___-___   EXP. DATE ___-___ |
| [ ] AMEX   [ ] VISA   [ ] MASTER CARD | TELEPHONE # _____   AMOUNT $ _____ |
| AMOUNT TO BE CHARGED $ _____ | CARDHOLDER SIGNATURE _____ |

CALL US AT **1-877-277-1775** FOR LIVE OPERATOR OR **24-HOUR** SECURE AUTOMATED PAYMENT SERVICES

**KIMBERLY A SCHREIBER**, Your Reference # is , Total Due as of  01/03/2008  $ 262.09
Breakdown of Amount
  HOME SHOPPING NETWORK            199.20
  WALGREENS                         62.89



FEDERAL LAW GIVES YOU THIRTY DAYS AFTER RECEIPT OF THIS NOTICE TO DISPUTE THE VALIDITY OF THIS DEBT. IF YOU DO NOT TO DISPUTE WITHIN THIS PERIOD, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DISPUTE THIS DEBT, NOTIFY US AND WE WILL SEND YOU THE VERIFICATION AS REQUIRED BY LAW.

THIS HAS BEEN SENT FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT.
ALL INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.